OPINION
On May 11, 1998, the Stark County Grand Jury indicted appellant, Michael Dale Cooper, on two counts of assault on a peace officer in violation of R.C. 2903.13. Said charges arose from an incident on April 11, 1998 while appellant was incarcerated in the Massillon City Jail.
A jury trial commenced on June 29, 1998. The jury found appellant guilty as charged. By judgment entry filed July 7, 1998, the trial court sentenced appellant to an aggregate term of six months in prison.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO MAKE WRITTEN JURY INSTRUCTIONS PROVIDED TO THE JURY A PERMANENT PART OF THE RECORD FOR USE ON APPEAL.
II
 APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THIS DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant conceded at oral argument the supplementation to the record of the written jury charge that was marked as an exhibit satisfies the requirement of filing the written jury charge under R.C. 2945.10(G).
Assignment of Error I is denied.
 II
Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
Appellant was convicted of two counts of assault of a peace officer in violation of R.C. 2903.13(A) and (C)(3) which state, respectively, "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." "If the victim of the offense is a peace officer * * * while in the performance of their official duties, assault is a felony of the fourth degree."
Three officers, Anthony Carpenter, Keith Moser and Jason Greenfield, testified consistently as to the events. Officer Carpenter was in charge of serving food. The standard procedure prior to bringing the food into the common area of the jail is to lock down the inmates in cells, secure the common area and enter with the food. T. at 108-109. Officer Carpenter attempted to follow said procedure but appellant did not go into a cell for lock down. T. at 110. Upon numerous requests, appellant refused to comply. T. at 110-111. Appellant stood outside cells A-1 and 2 with his blanket, towel and care package. T. at 111. Officer Carpenter went for assistance and when the officers returned, appellant again refused to comply. T. at 114, 116, 160. When the officers approached appellant, he threatened them, saying he would assassinate them. T. at 117, 165, 192. Officer Moser grabbed appellant's arm to escort him. T. at 123, 165. Appellant pulled away and then struck Officer Carpenter in the chest with his fist. T. at 122, 165, 193. Both Officer Moser and Officer Carpenter grabbed appellant but he refused to go with them and screamed at them. T. at 166-167. The officers succeeded in getting appellant to the ground. T. at 166, 123. Once on the ground and handcuffed, appellant continued to fight, flail and threaten. T. at 124, 167, 194. Appellant was placed in his cell on the ground. When Officer Moser released him, appellant kicked Officer Moser in the shin. T. at 128, 169, 197. After the kick, the officers sprayed appellant with pepper spray. T. at 130, 171, 198. Appellant continued flailing, screaming and kicking. The paramedics were called and appellant threatened them and refused treatment. T. at 131-132.
Appellant told a different version of the events. Appellant claimed he could not go into the cell because it was locked.[1] Appellant claimed the officers grabbed and twisted his arm, kicked his feet out from under him and handcuffed him. T. at 215-216. Appellant denied hitting Officer Carpenter. T. at 216. Appellant claimed the officers stomped him in the eye and then sprayed him with mace. T. at 217. Appellant claimed he was dragged to his cell. T. at 219.
Credibility of the witnesses is an issue for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182. Upon review, we find sufficient evidence, through the testimony of three officers, if believed, to support appellant's convictions and no manifest miscarriage of justice.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
______________________________
______________________________
 ______________________________ JUDGES
SGF/jp 0202
JUDGMENT ENTRY
CASE NO. 1998CA00198
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County Ohio is affirmed.
______________________________
______________________________
 ______________________________ JUDGES
[1] Appellant was attempting to get in cell "A" instead of cell "B" where the other inmates were and where he was eventually taken.